IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:09CR 355 |
| | ) |
| IRIS F. ALLEN, | ) 18 U.S.C. § 669 |
| | ) Embezzlement from Health Care |
| Defendant. | ) Benefits Program (Counts 1-12) |
| | ) |
| | ) 18 U.S.C. § 1347 |
| | ) Health Care Fraud |
| | ) (Counts 13-23) |
| | ) |
| | ) 18 U.S.C. § 1028A |
| | ) Aggravated Identity Theft |
| | ) (Counts 24-26) |
| | ) |
| | ) 18 U.S.C. § 2314 |
| | ) Interstate Transportation of Stolen Property |
| | ) (Counts 27-28) |
| | ) |
| | ) Forfeiture Allegation |
| | ) |

## INDICTMENT

### October 2009 TERM - AT RICHMOND

THE GRAND JURY CHARGES THAT:

**A. INTRODUCTION**

1. At all times relevant to the Indictment, the defendant, Iris F. Allen, was employed by the Virginia Birth-Related Neurological Injury Compensation Program, also known as the Birth Injury Fund or BIF. BIF was established by an Act of the Virginia General Assembly in 1987. The fund operates much like an insurance company, providing medical and other types of

benefits to its beneficiaries. BIF is funded by legislatively authorized sources, to include annual fees paid by participating physicians and hospitals.

2. At all times relevant to the indictment, BIF was operating out of offices located in Chesterfield, Virginia, and within the Eastern District of Virginia. Admissions to the program are handled through the Virginia Workers' Compensation Commission; BIF itself does not admit claimants to the program. The term "claimants" refers to infants who incurred a neurological injury during the birthing process resulting in permanent injury. Claimants must have been born in the Commonwealth of Virginia and delivered by a participating physician or at a participating hospital. Once admitted, the claimants are eligible to receive covered benefits and services throughout their lifetime.

3. Upon admission, BIF provides medical benefits and services to claimants who live within and outside the Commonwealth of Virginia. BIF deals with vendors and contractors within and outside the Commonwealth of Virginia.

4. Allen was hired in or about December 2004 as a claims manager. In this capacity, Allen was responsible for processing claims made by beneficiaries already admitted to the program. These claims included requests to provide vehicles equipped to accommodate wheelchairs and to cover construction costs associated with making a residence handicap-accessible. Specifically, Allen was responsible for receiving proposals from vendors and contractors, as well as processing invoices related to these claims.

5. Claims are submitted by the claimants' families and/or caretakers and submitted directly to BIF. BIF compensates claimants for medical benefits and services not covered by any private insurance policy or other government program.

6. Some of the claims submitted to BIF were for costs associated with the purchases of vans and modifications made to the vans to make them handicap-accessible.

7. In the case of construction costs, BIF funds renovations to the claimant's residence in order to make the residence handicap accessible. The claimant's representative solicits bids for the work to be performed that are subsequently reviewed by BIF for code compliance, workmanship and other applicable building standards. BIF generates an "Award Disbursement Agreement" which is reviewed and signed by the responsible representative of the claimant.

8. Allen processed paperwork related to invoices for final approval by the Deputy Director of BIF. Payments to contractors were made by check from BIF's account maintained at SunTrust Bank.

### B. THE SCHEME

9. In or about July 2006, Allen devised a scheme to embezzle funds from BIF through the use of false or inflated invoices. Allen opened business bank accounts under her name that she used to fraudulently obtain payments from BIF. The business accounts were in the names of Paratransit Company of Virginia (Paratransit) and Dandridge Design and Construction Company, L.L.C. (Dandridge Design). At all times relevant to the Indictment, BIF's Deputy Director of BIF had no knowledge of Allen's relationship to either Paratransit or Dandridge Design.

10. It was part of the scheme that Allen routinely created false invoices in the names of Paratransit or Dandridge Design and submitted them for payment to BIF. In so doing, she caused BIF to issue checks made payable to Paratransit or Dandridge Design and drawn on the BIF account maintained at SunTrust Bank. Allen then deposited these checks into the bank accounts that she maintained for Paratransit and Dandridge Design.

11. In order to conceal her scheme, Allen used the names of actual claimants and/or their respective representatives on the fraudulent invoices.

12. It was further part of the scheme that Allen created invoices for Dandridge Design that were submitted to BIF for work that was never performed. Allen also created invoices for Paratransit that were submitted to BIF for vans that were never purchased or provided to the claimants.

13. In addition, Allen created invoices for Paratransit relating to vans that were actually supplied by another company at a lower cost. Allen caused the invoice from the legitimate vendor to be paid from one of her bank accounts. Allen then submitted an invoice from Paratransit to BIF for the same van at a greater cost. In this way, Allen was able to "skim" proceeds from payments by BIF for legitimate claims.

C. OVERT ACTS

14. In furtherance of the scheme, Allen took the following actions among others:

a) On or about July 7, 2006, Allen opened a business account at Bank of America (BOA) in the name of Iris F. Allen, d/b/a Paratransit Company of Virginia. The account was opened at the BOA branch located at 7203 Midlothian Turnpike, Richmond, Virginia 23225. Allen is listed as the Sole Proprietor/Owner of Paratransit.

b) On or about May 27, 2008, Allen opened a business account at Woodforest National Bank in the name of Dandridge Design and Construction Company. The account was opened at a branch located at 2501 Shelia Lane, Richmond, Virginia 23225. Allen is listed as the owner of Dandridge Design.

c) On April 14, 2008, Allen filed Articles of Organization with the State Corporation Commission for the Commonwealth of Virginia relative to Dandridge Design and Construction.

d) On or about May 27, 2008, Allen submitted a false invoice to BIF from Dandridge Design in the amount of $3,500.00 for "Professional Drawings for building addition." The invoice bears the names of M.M.L. and minor K.M.L.

e) On or about June 4, 2008, Allen submitted a false invoice to BIF from Dandridge Design in the amount of $34,750.00 for "Request for first draw." The invoice bears the name of M.M.L. - parent of K.M.L.

f) On or about June 30, 2008, Allen submitted a false invoice to BIF from Dandridge Design in the amount of $33,700.00 for "2 Draw of contract." The invoice bears the names of M.M.L. and minor K.M.L.

g) On or about July 28, 2008, Allen submitted a false invoice to BIF from Dandridge Design in the amount of $33,500.00 for "Request for 3rd draw." The invoice bears the name of M.M.L. - parent of K.M.L.

h) On or about August 5, 2008, Allen submitted a false invoice to BIF from Dandridge Design in the amount of $41,485.00 for "Septic System Installation." The invoice bears the name of M.M.L. - parent of K.M.L.

i) On or about August 13, 2008, Allen submitted a false invoice to BIF from Dandridge Design in the amount of $38,500.00 for "Request for 5th draw." The invoice bears the name of M.M.L. - parent of K.M.L.

j)  On or about August 26, 2008, Allen submitted a false invoice to BIF from Dandridge Design in the amount of $36,251.48 for "Request for final draw." The invoice bears the name of M.M.L. - parent of K.M.L.

k)  On or about November 25, 2008, Allen submitted a false invoice to BIF from Dandridge Design in the amount of $34,810.00 for "Request for Initial Draw." The invoice bears the names of R.M. and C.M. - parents of claimant K.M.

l)  On or about December 19, 2008, Allen submitted a false invoice to BIF from Dandridge Design in the amount of $34,810.00 for "Request for 2nd Draw." The invoice bears the names of R.M. and C.M. - parents of claimant K.M.

m)  On or about December 23, 2008, Allen submitted a false invoice to BIF from Dandridge Design in the amount of $34,810.00 for "Request for 3rd Draw." The invoice bears the names of R.M. and C.M. - parents of claimant K.M.

n)  On or about January 5, 2009, Allen submitted a false invoice to BIF from Dandridge Design in the amount of $34,810.00 for "Request for 4rd [sic] Draw." The invoice bears the names of R>M. And C.M. - parents of claimant K.M.

o)  On or about January 20, 2009, Allen submitted a false invoice to BIF from Dandridge Design in the amount of $34,810.00 for "Request for Draw." The invoice bears the names of R.M. and C.M. - parents of claimant K.M.

p)  On or about May 27, 2008, Allen submitted a false invoice to BIF from Paratransit in the amount of $38,500.00 for a "Chevy Uplander." The invoice bears the names of P.C. and S.C. - parents of P.C.

q) On or about December 11, 2008, Allen submitted a false invoice to BIF from Paratransit in the amount of $38,500.00 for a "Chevy Uplander." The invoice bears the names of J.H. and P.H. - parents of M.H.

r) On or about November 20, 2008, Allen submitted a false invoice to BIF from Paratransit in the amount of $39,250.00 for a "Chevy Uplander." The invoice bears the names of B.J. and T.J. - parents of R.J.

15. As a result of the foregoing scheme, Allen submitted false invoices to BIF from either Dandridge Design or Paratransit, and received payments to which she was not entitled totaling $819,111.48.

## COUNTS ONE THROUGH TWELVE
(Embezzlement from a Health Care Benefits Program)

1. The allegations in paragraphs 1 through 15 are realleged and incorporated herein by reference.

2. On or about the dates and in the amounts listed below, in the Eastern District of Virginia and elsewhere, the defendant, IRIS F. ALLEN, did knowingly, willfully and unlawfully embezzle, steal, and otherwise without authority convert to her own use, and intentionally misapply, the money, funds, credit and property of a health care benefits program, to wit: the defendant caused checks to be issued from her employer, the Virginia Birth-Related Neurological Injury Compensation Program (BIF), payable to "Dandridge Design & Construction, L.L.C.," when as the defendant well knew, no legitimate work was performed and the Dandridge Design account was opened and maintained by the defendant:

| Count | Date | Check No. | Amount | Claimant |
|---|---|---|---|---|
| 1 | 5/28/08 | 24870 | $3,500.00 | K.M.L. |
| 2 | 6/6/08 | 24979 | $34,750.00 | K.M.L. |
| 3 | 7/1/08 | 25197 | $33,700.00 | K.M.L. |
| 4 | 7/29/08 | 25412 | $33,500.00 | K.M.L. |
| 5 | 8/5/08 | 25635 | $38,500.00 | K.M.L. |
| 6 | 8/7/08 | 25538 | $41,485.00 | K.M.L. |
| 7 | 8/26/08 | 25743 | $36,251.48 | K.M.L. |
| 8 | 11/25/08 | 26724 | $34,810.00 | K.M. |
| 9 | 12/19/08 | 27031 | $34,810.00 | K.M. |
| 10 | 12/23/08 | 27081 | $34,810.00 | K.M. |
| 11 | 1/7/09 | 27203 | $34,810.00 | K.M. |
| 12 | 1/20/09 | 27350 | $34,810.00 | K.M. |

(All in violation of Title 18, United States Code, Section 669.)

## COUNTS THIRTEEN THROUGH TWENTY-THREE
(Health Care Fraud)

1. The allegations in paragraphs 1 through 15 are realleged and incorporated herein by reference.

2. On or about the dates and in the amounts listed below, in the Eastern District of Virginia and elsewhere, the defendant, IRIS F. ALLEN, did knowingly and willfully execute and attempt to execute a scheme and artifice (i) to defraud a health benefit program affecting commerce, to wit: the Virginia Birth-Related Neurological Injury Compensation Program, and (ii) to obtain, by means of false and fraudulent pretenses and representations, money and property

8

owned by and under the custody and control of said program, by submitting false invoices and receiving payments to which she was not entitled:

| COUNT | DATE OF INVOICE | CHECK NO. | PAYEE | AMOUNT | COST OF VAN | CLAIMANT |
|---|---|---|---|---|---|---|
| 13 | 10/12/06 | 19661 | Paratransit Company of Virginia | $38,125.50 | $20,336.30 | T.C. |
| 14 | 6/18/07 | 21843 | Paratransit Company of Virginia | $38,500.00 | $0 Not provided | C.R. |
| 15 | 11/16/07 | 23145 | Paratransit Company of Virginia | $39,250.00 | $0 Not provided | B.F. |
| 16 | 1/23/08 | 23683 | Paratransit Company of Virginia | $38,500.00 | $35,995.00 | K.M. |
| 17 | 5/1/08 | 24692 | Paratransit Company of Virginia | $38,500.00 | $36,932.00 | K.K. |
| 18 | 5/27/08 | 24893 | Paratransit Company of Virginia | $38,500.00 | $0 Not provided | P.C. |
| 19 | 6/26/08 | 25178 | Paratransit Company of Virginia | $38,500.00 | $0 Not provided | A.P. |
| 20 | 7/15/08 | 25326 | Paratransit Company of Virginia | $38,500.00 | $37,552.00 | A.T. |
| 21 | 10/15/08 | 26269 | Paratransit Company of Virginia | $37,250.00 | $27,500.00 | K.K. |
| 22 | 11/20/08 | 26696 | Paratransit Company of Virginia | $39,250.00 | $0 Not provided | R.J. |
| 23 | 12/11/08 | 26943 | Paratransit Company of Virginia | $38,500.00 | $0 Not provided | M.H. |

(All in violation of Title 18, United States Code, Section 1347.)

### COUNT TWENTY-FOUR
(Aggravated Identity Theft)

On or about May 27, 2008, in the Eastern District of Virginia, the defendant, IRIS F. ALLEN, did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, to wit: the defendant used the names of P.C. and S.C. on a

9

fraudulent invoice, during and in relation to a violation of Title 18, United States Code, Section 1347, to wit: Health Care Fraud, as alleged in Count Eighteen this Indictment.

(In violation of Title 18, United States Code, Section 1028A.)

## COUNT TWENTY-FIVE
(Aggravated Identity Theft)

On or about November 20, 2008, in the Eastern District of Virginia, the defendant, IRIS F. ALLEN, did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, to wit: the defendant used the names of B.J. and T.J. on a fraudulent invoice, during and in relation to a violation of Title 18, United States Code, Section 1347, to wit: Health Care Fraud, as alleged in Count Twenty-Two of this Indictment.

(In violation of Title 18, United States Code, Section 1028A.)

## COUNT TWENTY-SIX
(Aggravated Identity Theft)

On or about December 11, 2008, in the Eastern District of Virginia, the defendant, IRIS F. ALLEN, did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, to wit: the defendant used the names of J.H. and P.H. on a fraudulent invoice, during and in relation to a violation of Title 18, United States Code, Section 1347, to wit: Health Care Fraud, as alleged in Count Twenty-Three of this Indictment.

(In violation of Title 18, United States Code, Section 1028A.)

## COUNTS TWENTY-SEVEN THROUGH TWENTY-EIGHT
(Interstate Transportation of Stolen Property)

1. The allegations in paragraphs 1 through 15 are realleged and incorporated herein by reference.

2. On or about the dates and in the amounts listed below, in the Eastern District of Virginia and elsewhere, the defendant, IRIS F. ALLEN, did unlawfully transfer and caused to be transferred in interstate commerce, the following checks in excess of $5,000.00, knowing that said checks contained $5,000.00 of funds that had been stolen, converted, and taken by fraud:

| COUNT | DATE OF CHECK | CHECK NO. | AMOUNT | FROM | TO |
|---|---|---|---|---|---|
| 27 | 10/27/06 | 2958912 | $20,336.30 | Paratransit Co. of Virginia<br>Bank of America<br>Richmond, Virginia | Les Stanford Ford<br>Battle Creek, Michigan |
| 28 | 10/22/08 | 3695267 | $27,500.00 | Paratransit Co. of Virginia<br>Bank of America<br>Richmond, Virginia | Stew Hanson [*sic*]<br>Chrysler Dodge Jeep<br>Indianola, Indiana |

(All in violation of Title 18, United States Code, Section 2314.)

## FORFEITURE ALLEGATION

Pursuant to Rule 32.2(a) FED. R. CRIM. P., the defendant is hereby notified that, if convicted of the offenses alleged in Counts One through Twenty-Three, she shall forfeit to the United States her interest in any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violations totaling up to **$819,111.48.** If property subject to forfeiture cannot be located, the United States will seek an order forfeiting substitute assets.

Property subject to forfeiture includes, but is not limited to, the following:

2005 Lexus ES300, Vehicle Identification No. JTHBA30G955142084; and

Real property known as 5619 Lipton Road, Richmond, Virginia 23225.

(In accordance with Title 18, United States Code, Sections 982(a)(7), and Title 18, United States Code, Section 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c).)

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

By: ███████████████████
Shannon Y. Dion
Special Assistant United States Attorney

███████████████████
Laura Colombell Marshall
Assistant United States Attorney

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office