IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **UNDER SEAL** |
| | ) | |
| v. | ) | **Criminal No. 3:09CR355** |
| | ) | |
| IRIS F. ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## RESTRAINING ORDER

This matter having come before this Court on the motion of the United States of America for entry of a restraining order pursuant to 18 U.S.C. §982(b), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §2461(c), incorporating 21 U.S.C. § 853(e)(1)(A), which provides courts with jurisdiction to enter restraining orders and take such other action in connection with any property or other interests subject to forfeiture to ensure its availability for forfeiture, and

IT APPEARING TO THE COURT THAT on October 6, 2009, an indictment was returned against the defendant named above seeking criminal forfeiture pursuant to 18 U.S.C. § 982(a)(7), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) of assets totaling no less than the sum of **$819,111.48,**

**IT IS HEREBY ORDERED**:

That the defendant, IRIS F. ALLEN, her agents, representatives, servants, employees, attorneys, family members and those persons in active concert or participation with her, and **anyone** holding property, both real or personal, for her, is hereby ENJOINED AND RESTRAINED from transferring, selling, assigning, pledging, distributing, giving away,

encumbering or otherwise participating in the disposal of (by transfer of stock or otherwise) or removal from the jurisdiction of this Court, or removal from any checking or savings account of all or part of the defendant's interest, direct or indirect, in all property, real or personal, up to the sum of **$819,111.48** without prior approval of the court upon notice to the United States and an opportunity for the United States to be heard, except as specified in this Order. The defendant affected by this order is further identified below:

| NAME | ADDRESS | DOB |
|---|---|---|
| **IRIS F. ALLEN** | **Richmond, Virginia 23225** | **xx/xx/1965** |

The property subject to this Order includes, but is not limited to the defendant's interest, whether joint or exclusive, in any BANK ACCOUNTS, REAL PROPERTY, CURRENCY, PERSONAL PROPERTY, BUSINESS ENTITIES, MOTOR VEHICLES, BOATS, AIRCRAFT, LIMITED LIABILITY CORPORATIONS, JEWELRY, FURNITURE, ARTWORK, STOCK or FINANCIAL INSTRUMENTS, and specifically includes the following:

> **all accounts listing Iris F. Allen as account holder/owner/signatory maintained at Woodforest National Bank;**
>
> **all accounts listing Iris F. Allen as account holder/owner/signatory maintained AmeriTrade;**
>
> **all accounts listing Iris F. Allen as account holder/owner/signatory maintained Bank of America;**
>
> **2005 Lexus ES300, Vehicle Identification No. JTHBA30G955142084; and**
>
> **Real property known as 5619 Lipton Road, Richmond, VA 23225.**

Any financial institution, individual or other entity having a security interest in any real or personal property subject to this restraining order is hereby required to respond promptly to

requests by the Government for information on the status of the debt secured by property of the defendant.

In the event that the defendant desires to transfer, convey, liquidate or encumber any property and if the United States consents to such transfer, the transfer may be made upon condition that all sale proceeds shall be placed in escrow in an account(s) approved by counsel for the government. In the event that forfeiture is ultimately ordered, any funds received from the sale of property for the actual property forfeited shall be substituted for the actual property and such funds shall also be available to satisfy an order forfeiting substitute assets pursuant to 18 U.S.C. § 982(b)(1), which incorporates 21 U.S.C. § 853(p).

If the defendant demonstrates that property with a value totaling more than the sum of **$819,111.48** has been restrained, the Court will review the execution of this order as it applies to the defendant, and make an appropriate determination and consider modification of this restraining order in relation to that defendant's property interests.

## Financial Institutions

Any financial institution holding assets of the defendant shall freeze such assets. The financial institutions are directed to prevent and are otherwise enjoined from transferring (by wire or otherwise), conveying or disposing of all monies currently within the affected accounts up to the sum of **$819,111.48**. In ordering the financial institutions to freeze all accounts, it is the intention of the court that the financial institutions shall not honor any demands by correspondent banks to release any money nor shall the financial institutions honor any checks or other negotiable instruments drawn on the accounts, if to do so would reduce the balance of the account below the amount frozen. The financial institutions shall continue to credit any deposits,

interest, dividends, or other credits to such accounts in the normal course of business, and such deposits, interest, dividends, and other credits shall be subject to this Order.

All financial institutions on which a copy of this order is served shall immediately inform the federal law enforcement agency providing the order or the United States Attorney of the balances of any and all restrained accounts on the date of service. Any financial institution having a lien on any property listed in this order shall likewise provide to the United States Attorneys Office information regarding payments and the balance on loans secured by property listed in this order.

The United States is directed to serve a copy of this order on the defendant, counsel for the defendant, and any other entity or individual the government believes may be in possession of property of the defendant.

Let the Clerk send 10 certified copies of this order to counsel for the United States Attorneys Office.

So ORDERED this 6 day of October, 2009.

/s/
_____
UNITED STATES DISTRICT JUDGE

I ASK FOR THIS:

_____
Laura Colombell Marshall
Assistant United States Attorney